# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>HOWARD J. DETMER, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:12-cv-00550-AWI-SKO<br><br>**ORDER REMANDING ACTION TO TULARE COUNTY SUPERIOR COURT**<br><br>(Docket No. 1) |

## I. INTRODUCTION

On April 9, 2012, Defendant Alex J. Glover ("Glover") filed a document entitled "Notice of Removal" (the "Removal Notice"). (Doc. 1.) The Removal Notice seeks to remove this action from the Tulare County Superior Court and alleges that the basis of the removal is the violation of Glover's rights under the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220. (Doc. 1, ¶¶ 5-7.) For the reasons set forth below, the case is REMANDED to the Tulare County Superior Court.

## II.   PROCEDURAL BACKGROUND

On January 27, 2012, Plaintiff Federal National Mortgage Association ("Plaintiff") filed a verified complaint for unlawful detainer in the Tulare County Superior Court, case no. 151606, against Defendants Howard L. Detmer, Martha C. Detmer (the "Detmer Defendants") and Does 1 through 5. (Doc. 1, pp. 14-15.) A Notice to Any Renters appears to have been posted and mailed with a Notice to Quit. (Doc. 1, pp. 16, 19-20.) Plaintiff applied for an order to serve the summons and complaint by posting, which was granted by the Tulare County Superior Court on February 9, 2012. (Doc. 1, pp. 16-17.) On March 22, 2012, notification regarding the unlawful detainer trial was filed and served on Defendant Glover, who, based upon the defenses claimed in the Removal Notice, appears to be a renter at the subject property. (Doc. 1, 2:24-3:19, p. 21.) Glover filed the instant Removal Notice in this Court on April 9, 2012. (Doc. 1, p. 1.)

## III.   DISCUSSION

**A.   Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009), *cert. denied*, 131 S.Ct. 65 (2010). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

**B.     The Court Cannot Determine if Glover's Removal Notice Was Timely**

Pursuant to 28 U.S.C. Section 1446(b)(1), "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  When removability is uncertain, the 30-day period is measured from the point at which a defendant had notice that the action is removable; however, removal based on diversity must be effected within one year after the case is filed.  *See* 28 U.S.C. § 1446(c)(1).

The underlying state court case, no. 151606, an unlawful detainer action, was filed in Tulare County Superior Court on January 27, 2012.  On February 9, 2012, the Tulare County Superior Court issued an order that Plaintiff could serve the unlawful detainer summons by posting, and on March 22, 2012, Glover was served with a notification regarding the date of the court trial. (Doc. 1, pp. 16-17, 21.)  However, Glover does not provide information as to when he was actually served with the complaint.  No proof of service of the complaint was included with the Removal Notice, which was filed in this Court on April 9, 2012, seventy-three (73) days after the complaint was filed in state court and sixty (60) days after the court ordered that Plaintiff could serve the summons by posting. However, the notification regarding the unlawful detainer trial was served on Glover on March 22, 2012, only eighteen (18) days before the Removal Notice was filed.  As Glover does not indicate when he was served with the complaint, the Court cannot determine whether the Removal Notice was timely filed within thirty (30) days from the date of service as required under 28 U.S.C. Section 1446(b).

Nonetheless, "[u]ntimeliness of removal does not allow the court to sua sponte remand the action to superior court because an untimely removal notice is a non-jurisdictional procedural defect that may be waived by a party failing to raise it."  *McGuire v. Cal.*, No. C-09-5918 VRW (PR), 2011 WL 97736 at *1 (N.D. Cal. Jan. 12, 2011) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).  Further, "whether the action should remain [in federal court] depends on whether the court has subject matter jurisdiction."  *Id*.  Here, as discussed below, the Court lacks subject matter jurisdiction.

3

**C.      This Court Lacks Subject Matter Jurisdiction**

      **1.      No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

The Removal Notice provides a copy of the complaint that is the subject of this removal. (Doc. 1, pp. 14-16.) The complaint contains a single claim for unlawful detainer. (Doc. 1, pp. 14-16.)

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Glover's Removal Notice asserts a defense of violations of the Protecting Tenants at Foreclosure Act ("PTFA").[1] (Doc. 1, 2:10-6:3.)

Removal jurisdiction, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010) (*stay denied* NO. 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL 398862, at *1-*2 (E.D. Cal. Feb 03, 2011). The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) (citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010)). As such, there is no jurisdictional basis for removal since the unlawful detainer action fails to raise a federal question.

To the extent that Glover contends that the PTFA is "not a defense" but is instead "the entire basis for the action," he is mistaken. (Doc. 1, 5:20.) "[D]efendant['Ꭸ]s assertions of the 'Protecting

---

[1] "Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Emergency Economic Stabilization Act ("EESA") codified in 12 U.S.C. §§ 5201 et seq. Specifically, Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Troubled Assets Relief Program ("TARP") that was enacted as a subchapter of EESA. 12 U.S.C. §§ 5211–5241." *Zalemba v. HSBC Bank, USA, Nat'l Ass'n*, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *3 (S.D. Cal. Oct. 1, 2010).

4

Tenants at Foreclosure Act' are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." *First Northern Bank of Dixon v. Hatanaka*, No. 2:11–cv–02976 MCE KJN PS, 2011 WL 6328713, at * 4 (E.D. Cal. Dec. 16, 2011) (citing *Vaden*, 556 U.S. at 59-60). "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs., LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citing *SD Coastline LP v. Buck,* No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1–3; *Wescom Credit Union,* 2010 WL 4916578, at *2 ("... provisions [of the PFTA] offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction."); *Aurora Loan Servs., LLC v. Martinez*, No. C10–01260 HRL, 2010 WL 1266887, at * 1 (N.D. Cal. Mar. 29, 2010)).

As such, Plaintiff's unlawful detainer complaint does not provide a basis for federal question jurisdiction.

**2.    No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The complaint was filed as a limited civil case and does not allege damages in excess of $75,000. Rather, the caption of the complaint expressly states that the amount demanded does not exceed $10,000. (Doc. 1, p. 14.) *See* 28 U.S.C. § 1446(c)(2) ("sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . .").

"A defendant 'bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.'" *Fed. Home Loan Mortg. Corp. v. Herrera*, No. CV F 12–0403 LJO MJS,  2012 WL 948412, at *2 (E.D. Cal. Mar. 20, 2012) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir.1996)).  Here, Glover does not establish that the amount in controversy exceeds $75,000 and fails to submit any evidence to meet his burden. (*See* Doc. 1.) Further, courts have found "that the amount in controversy was not satisfied where a defendant sought to remove

an unlawful detainer action from a state court of limited jurisdiction." *See U.S. Bank Nat'l Ass'n v. Bravo*, No. CV 08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009). As such, the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

Additionally, under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The Removal Notice fails to allege Glover's citizenship, but the Court notes that Glover, representing himself *pro se*, indicates that his address is located in Visalia, California. (Doc. 1, 1:1-3.) Plaintiff's complaint indicates that Defendants were in possession of and occupying real property located in Visalia, California. (Doc. 1, pp. 14-15.) Further, this action is for an unlawful detainer and indicates that Glover's home address is located in Visalia, California. (*See* Doc. 1, pp. 14-15.) As such, Glover's California residency negates removal jurisdiction based on diversity. 28 U.S.C. § 1441(b)(2).

Accordingly, the Removal Notice provides no actual basis for federal jurisdiction, and any implied basis of federal jurisdiction is not a proper basis for removal. The action is REMANDED to the Tulare County Superior Court.

### IV. CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that:

1. This action is REMANDED to the Tulare County Superior Court; and
2. The Clerk of the Court is DIRECTED to serve a copy of this order on the Tulare County Superior Court.

IT IS SO ORDERED.

**Dated:   April 24, 2012**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE